ANDERSON ET AL., APPELLANTS, *v.* E. KAHN'S SONS CO. ET AL.,
APPELLEES.

(No. 9715—Decided October 18, 1965.)

*Mr. James B. Swing* and *Mr. Edwin J. Hayes*, for appellants.

*Mr. Arthur J. Reid, Jr.*, for appellee Board of Review, Bureau of Unemployment Compensation.

LONG, J.    This is an appeal on questions of law from a decision of the Court of Common Pleas of Hamilton County, which affirmed a finding of the Board of Review, Bureau of Unemployment Compensation of the state of Ohio.

The suit is brought by William Anderson and eight other individuals similarly situated.    At various times during the employment of the appellants by the Kahn Company, there existed a contract between the latter company and the meat cut-

ters' union, Local No. 7, dated January 3, 1963, one paragraph of which provided:

"Article XVIII—Pension Plan. All employees shall be required to retire upon reaching age sixty-five, * * *."

Each of the appellants, under the agreement between his union and Kahn, was retired at age sixty-five and applied for unemployment compensation. The board ruled that under the circumstances the appellants had quit "voluntarily and without just cause," which decision was affirmed by the Board of Review, and which was thereafter affirmed by the judgment of the Court of Common Pleas.

It is the view of this court that when the union of which appellants were members and the Kahn Company by which they were employed entered into the agreement which made it necessary for appellants to retire at age sixty-five, each of them voluntarily agreed to quit his job at age sixty-five. However, such agreement by an employee, in our opinion, constitutes a waiver of his rights to the benefits of unemployment compensation. At the time of the agreement of employment, or if he continued his employment after the agreement of the company with the union, of which he is a member, each of the appellants was bound to realize that he must retire at age sixty-five.

We have read the many cases cited in the briefs, and we are of the opinion that in the case at bar we have a voluntary agreement on the part of appellants; retirement at age sixty-five is one of the terms of their employment; it is a part of the meeting of the minds of the employees, their employer, and their union.

Now we come to the statute on unemployment compensation, Section 4141.32 of the Revised Code, which provides, in part, that "No agreement by an employee to waive his right to benefits is *valid*, nor shall benefits be assigned, *released* or commuted." (Emphasis supplied.)

In the light of this provision of the statute, of which the parties are charged with knowledge, appellants were in substance voluntarily agreeing to leave their employment without cause and were depriving themselves of the benefits of the unemployment statute. It is the opinion of this court that such an agreement, by statute, is void and against public policy.

We then have this situation. There is no valid agreement

between appellants and their employer as to retirement; the employer and the union insist upon their agreement as to retirement at age sixty-five; therefore, the only way that appellants could have lost their jobs was to be discharged; they did not *quit* voluntarily. There is evidence in the record that appellants did not want to retire but, on the contrary, wanted to continue their employment. It is argued that such a result compels the employer to pay twice; once for the retirement benefits and, also, for the unemployment benefits. This is not a situation to be corrected by the courts; this is a simple problem for the Legislature.

Under these circumstances, it is evident that appellants are entitled to the benefits of the unemployment compensation statutes for the reasons set forth in this opinion.

*Judgment accordingly.*

HILDEBRANT, P. J., concurs.